IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEE HALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMTRAK NATIONAL RAILROAD<br>PASSENGER CORPORATION, et al.,<br><br>　　　　Defendants. | No. C 19-02312 WHA<br><br>**ORDER DENYING<br>MOTIONS** |

**INTRODUCTION**

This action is brought by a father, proceeding *pro se*, against the operators of the train that struck and killed his daughter. Plaintiff moves to remand the action to state court or, in the alternative, transfer to a different division within the district. In addition, defendants move to dismiss the complaint. Plaintiff seeks a stay of defendants' motion. For the reasons stated herein, each of these motions are **DENIED**.

**STATEMENT**

On August 4, 2016, an Amtrak train struck and killed Dejani Monette Hall as she walked to a gym in Merced, California. No Amtrak employee attempted to resuscitate her (Dkt. No. 7, Am. Compl. ¶¶ 10, 13).

On August 2, 2018, plaintiff Randy Lee Hall brought this action against Amtrak and six Amtrak employees in California Superior Court, County of Contra Costa. The complaint

averred two claims: (i) gross negligence and (ii) dangerous condition of public and private property (Dkt. No. 1, Exh. A at 3, 7). Plaintiff served the complaint on March 25, 2019 (Dkt. No. 7, Proof of Service Cover Sheet at 2). Defendants' counsel received the complaint on March 29, 2019 (Dkt. Nos. 33-1, Exhs. A, B; 35 ¶¶ 2, 3).

On April 29, 2019, plaintiff amended his complaint. The amended complaint narrowed the list of defendants to Amtrak National Railroad Passenger Corporation, Engineer Jonathan Staska, Conductor Denise Hogg, and Assistant Conductor Michael John Torrence (Dkt. No. 7, Am. Compl. ¶¶ 2–5). The amended complaint also expanded the list of alleged claims. Specifically, the amended complaint alleged two claims for gross negligence, two claims for general negligence, one claim for dangerous condition of private property, one claim for wrongful death, one claim for a survival action, one claim for negligence per se, and three claims solely against Amtrak for negligent hiring and training of the three employee-defendants.

Defendants removed here (Dkt. No. 1). The removal process spanned three days. Specifically, on April 29, 2019, defendants filed a notice of removal in federal court. The next day, on April 30, defendants filed the notice of removal with the state court (Dkt. Nos. 7; 40-1, Exh. E). On May 1, defendants filed the bundle of state court documents to the federal docket (Dkt. No. 7).

A flurry of motions followed. Plaintiff moved to remand back to state court (Dkt. No. 12) or, in the alternative, have the action transferred to the Oakland Division in this district (Dkt. No. 9). Before these motions could be heard, however, plaintiff declined magistrate jurisdiction (Dkt. No. 19). Upon reassignment, defendants moved to dismiss the amended complaint (Dkt. No. 26). Plaintiff subsequently objected to the motion to dismiss and moved to stay the motion pending resolution of his two jurisdictional motions (Dkt. No. 30), which he re-filed (Dkt. Nos. 31, 33). An order subsequently denied the first-filed jurisdictional motions as moot in light of the re-filed versions (Dkt. No. 45).

When the dust settled, four motions remained: plaintiff's motions to remand, transfer venue, and to stay, and defendants' motion to dismiss. The parties fully briefed the motion to

1 remand (Dkt. Nos. 38, 40), motion to transfer venue (Dkt. Nos. 39, 42), and motion to dismiss
2 (Dkt. Nos. 29, 37, 41).

A hearing was scheduled for July 11, 2019 at 8:00 A.M. The case was called. *Pro se* plaintiff appeared, but defendants' counsel were not there. The case was put to the end of the calendar to give counsel the opportunity to appear. At the end of the calendar, the case was re-called but counsel were still not there. *Pro se* plaintiff came all the way from Contra Costa County — defendants' counsel never bothered to show up. This order follows.

**ANALYSIS**

This order denies all the motions brought by the parties. *First*, Amtrak's removal was proper because there would have been original jurisdiction over this action and defendants removed within thirty days of formal service of process. *Second*, venue in the San Francisco Division of the Northern District of California remains proper. Plaintiff has not sufficiently justified an intradistrict transfer to the Oakland Division. *Third*, defendants' motion to dismiss is denied on account of the failure of defendants' to show up to the hearing.

**1.      MOTION TO REMAND.**

Remand to state court may be ordered either for lack of jurisdiction or for any defect in removal procedure. 28 U.S.C. §§ 1441(a); 1447(c). This order holds there is jurisdiction, and the procedural requirements have been satisfied.

Turning first to jurisdiction, in actions involving Amtrak, there is "original jurisdiction over the subject matter of the litigation because . . . the United States owns a majority of the capital stock of Amtrak." *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1060 (9th Cir. 2002) (citations omitted). Amtrak is a defendant here. Jurisdiction is present.

Turning next to removal procedure, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Here, the parties disagree over *when* to begin counting the thirty days. According to plaintiff, removal was untimely because the clock began on March 29, when Amtrak physically *received* the complaint. Amtrak, on the other hand, contends removal was timely as calculated from April 4, when California law deemed the mailed

complaint to have been received. Amtrak filed its notice of removal in the district court on April 29 but filed its notice of removal in state court on April 30. The state court filing is merely a copy of the notice, not the notice itself. *See* 28 U.S.C. § 1446(a), (d). The April 29 date therefore controls. In either event, this order agrees with Amtrak, namely that we must go by the date on which California law deemed the mailed complaint to have been received.

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. 344, 347 (1999). Based on this explanation, the Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." *Id.* at 347–48 (emphasis added). In other words, formal service of process is required to start the clock to remove an action.

Under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure, corporations may be served in the manner prescribed for serving an individual. In turn, under Rule 4(e)(1), individuals may be served in any judicial district of the United States pursuant to the law of the state in which the district court is located. This district court is located in California. Turning, therefore, to California law, Section 415.40 of the California Code of Civil Procedure allows out-of-state service "by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Section 415.40 subsequently provides that "[*s*]*ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing*" (emphasis added).

On March 25, 2019, plaintiff mailed a copy of the complaint and summons from California to Amtrak's headquarters in Washington D.C., by certified, first-class mail, return receipt requested (Dkt. Nos. 33-1, Exhs. A, B; 35 ¶¶ 2, 3). Counting ten days after the mailing of the complaint, therefore, formal service of process was completed on April 4. The deadline to remove ran thirty days later. Thirty days from April 4 was May 4. Because this date fell on a

4

Saturday, under Rule 6(a)(1)(C), the Saturday deadline is pushed to the following Monday. Accordingly, the deadline to notice removal was Monday, May 6. Defendants timely removed when they did so on April 29 in federal court.

Plaintiff argues that the thirty days should count from the time of physical receipt which occurred here on March 29 and that removal was untimely because the notice in *state* court occurred on April 30. In a prior decision, the undersigned previously "favor[ed] plaintiff['s] analysis" that the thirty days should count from the time of physical receipt. *See Morgan v. Asbestos Defendants (BHC)*, No. C 02-05761 WHA, 2003 WL 945987, at *1 (N.D. Cal. Feb. 28, 2003).

Still, in a since-decided unpublished decision, our court of appeals upheld a denial of a motion to remand which presented the identical issue of when to start the clock. *See Jimena v. Standish*, 504 F. App'x 632, 634 (9th Cir. 2013). There, the district judge denied plaintiff's motion to remand because the defendant timely removed counting from the day service was deemed complete under Section 415.40. *See Jimena v. UBS AG Bank, Inc.*, 2007 WL 1687045, at *3–5 (E.D. Cal. June 8, 2007) (Judge Oliver Wanger). Our court of appeals upheld the decision summarily citing to both Section 1446(b) and Section 415.40. *Jimena*, 504 F. App'x at 634. Subsequent decisions have arrived at the same conclusion. *See, e.g.*, *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (Judge William Orrick) (collecting cases); *Fruciano v. Regents of Univ. of Cal.*, 2018 WL 4219232, at *2 (N.D. Cal. September 5, 2018) (Judge Jacqueline Scott Corley) (collecting cases). This order must hold that removal was timely.

\*          \*          \*

In addition, plaintiff argues that Amtrak's failure to attach the operative complaint (and other state court materials) to its original notice of removal warrants remand. When removing an action, Section 1446(a) requires a defendant to file a notice of removal "together with a copy of all process, pleadings, and orders served upon" defendants. Yet, any minimal procedural defect resulting from this oversight was immediately cured. Defendants filed all state court

5

materials on the federal docket on May 1 (Dkt. No. 7). This was still within the deadline. Defendants' removal was procedurally proper. Plaintiff's motion to remand is **DENIED**.

### 2. MOTION TO TRANSFER.

This order now turns to venue. Plaintiff filed this action in Contra Costa Superior Court. Under Civil Local Rule 3-2(d), actions removed from Contra Costa County are assigned to either the San Francisco Division or the Oakland Division in the Northern District of California. This action was assigned to San Francisco. Venue is proper.

Plaintiff seeks an intradistrict transfer to the Oakland Division. He argues that both he and his daughter (the victim in this action) lived in Contra Costa County which is closer to Oakland. Furthermore, he notes that Amtrak runs in Oakland but does not run in San Francisco (Dkt. No. 42 at 1–2). In this vein, it is true that the only connection this action has to San Francisco is that San Francisco is where defendants' counsel keep their office.

Civil Local Rule 3-2(h) provides that "[w]henever a Judge finds . . . that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan." Transfer is not warranted here. The San Francisco courthouse is only around six miles farther than the Oakland courthouse, which in turn is approximately 20 miles from Contra Costa. BART serves both, a difference of about 20 minutes. Plaintiff's motion to transfer is **DENIED**.

### 3. MOTION TO DISMISS/MOTION TO STAY.

Turning to defendants' motion to dismiss, defendants failed to show up to the hearing on their motion. Defendants' motion is therefore **DENIED**. Plaintiff's motion to stay defendants' motion is accordingly **DENIED AS MOOT**. Substantively, the issues raised in defendants' motion to dismiss will be better raised on a motion for summary judgment. For example, at that point, whether plaintiff's daughter had other surviving issue will be factually known.

As a final note, defendants have repeatedly made reference to a possible future motion to transfer. Defendants have waived any motion to transfer by moving to dismiss. This action will proceed here.

6

**CONCLUSION**

For the foregoing reasons, plaintiff's motions to remand and to transfer and defendants' motion to dismiss are **DENIED**. Plaintiff's motion to stay is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE