UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY LEE HALL,

    Plaintiff,

    v.

NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"); JONATHAN STASKA, Engineer Driver; DENISE HOGG, Conductor; MICHAEL JOHN TORRENCE, Assistant Conductor, BNSF RAILWAY COMPANY; and DOES 1 through 50 inclusive,

    Defendants.

No. C19-02312 WHA

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

In this wrongful death action where plaintiff's daughter died after a train hit her, plaintiff now seeks to amend his complaint and all defendants seek to dismiss portions of his complaint, including its proposed amendments, under Rule 12(b)(6). For the following reasons, plaintiff's motion for leave to amend is **GRANTED**, and defendants' motion to dismiss the complaint is **GRANTED IN PART AND DENIED IN PART.**

**STATEMENT**

On August 4, 2016, Dejani Hall walked westbound along the southside of railroad tracks operated or owned by BNSF Railway Company and National Railroad Passenger Corporation, Amtrak. Hall walked along a portion of railroad tracks located near the intersection of Santa Fe

Avenue and Glen Avenue in Merced, California. As she walked a train travelled eastbound along the northside track. Unbeknownst to her, train number 71704 approached her from behind travelling westbound on the southside track she walked along. Jonathan Staska, an Amtrak employee, was the engineer operating train 71704. Denise Hogg, an Amtrak employee, was the train's conductor, and Michael Torrence, an Amtrak employee, was the assistant conductor (Compl. ¶¶ 20, 28–29, 34–35).

After the train passed through the Glen Avenue railroad crossing, Staska saw Hall walking along the track and sounded the horn. After Hall did not respond, he applied the emergency brakes about 1,000 feet west of that railroad crossing. Train 71704 hit Hall about 700 feet west of a pedestrian underpass and no longer than 20 seconds after passing Glen Avenue railroad crossing. Staska then stopped the train, exited with Hogg and Torrence and approached Hall. They covered her with a tarp and awaited emergency personnel. None of them began CPR or took any action to sustain her life. A Merced Police Officer arrived, observed Hall still breathing, and began CPR until the ambulance arrived. Shortly after the ambulance arrived, they pronounced Hall dead at the scene (Compl. ¶¶ 36–38).

On August 2, 2018, Hall's father initiated this action *pro se* seeking damages for the death of his daughter. After appointment of counsel, he filed a second amended complaint on January 17, 2020. He now seeks to amend his second amended complaint. All defendants move to dismiss portions of his complaint, including amendments he now seeks. This order follows an opposition and reply brief to the motion for leave to amend, an opposition and reply brief to Amtrak's motion to dismiss, and an opposition brief to BNSF's motion to dismiss.

**ANALYSIS**

1. **PLAINTIFF'S MOTION TO AMEND.**

Under Rule 15(a), a party may amend with opposing party's consent or the court's leave. Rule 15 provides the court should grant leave to amend when justice so requires. Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Subsequent amendments are prohibited without a request to first modify the scheduling

2

order. At that point, any modification must be based on a showing of good cause. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). A party's failure to seek modification for the scheduling order remains grounds to deny the untimely motion. *See Johnson*, 975 F.2d at 608–09.

Here, plaintiff moves for two amendments: (1) to withdraw his second cause of action and (2) to replace Section 377.60 of the California Code of Civil Procedure in paragraph 14 with Sections 377.20–377.43. Since the parties stipulated to dismiss plaintiff's second cause of action (Dkt. No. 107), the amendment has opposing party's consent and would not prejudice the defendants.

Because the case management schedule has been set (Dkt. No. 102), the liberal policy of Rule 15 favoring amendments no longer applies. Plaintiff filed his motion to amend after the January 17, 2020, deadline dictated in the case management order. Plaintiff, however, has shown good cause here. Although plaintiff filed the action long ago (in *pro se*), plaintiff only recently retained counsel and counsel now seeks merely a single procedural change to the complaint he filed. This change he seeks does not alter the substance of the claims or damages alleged.

While defendants do not argue that granting leave to amend would be prejudicial, consideration of prejudice to the defendants can supply additional reasons to deny a motion. "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Addition of plaintiff's proposed statutes would not reopen discovery or delay proceedings. Defendants have been on notice of the claims and damages plaintiff seeks since the initial complaint. In fact, defendants concede to notice in their opposition when they state that plaintiff "explicitly alleged a survival claim in the [f]irst [a]mended [c]omplaint" (Dkt. No. 110 at 3). Therefore, there remains no prejudice to defendants by allowing the amendment.

Defendants, additionally, argue that because plaintiff pled only a wrongful death claim in the original complaint, a survival claim pled in a later amended complaint after the statute of

3

limitations has run does not relate back to the wrongful death claim (Dkt. No. 110 at 4). Section 355.1 of the California Code of Civil Procedure provides a two-year statute of limitations for "injury to, or for the death of, an individual caused by the wrongful act or neglect of another." On August 4, 2016, plaintiff's daughter passed after being hit by an Amtrak train (Compl. ¶ 20). On August 2, 2018, plaintiff filed suit in *pro se* (Dkt. No. 121 at 4). Thus, plaintiff initially filed within the statute of limitations. Since plaintiff now moves for leave to add Sections 377.20–377.43 of the California Code of Civil Procedure after the statute of limitations has run, these statutes must relate back to his original wrongful death claim.

Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." In analyzing whether new claims relate back, a court must "consider whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) (internal citations omitted). A claim arises out of the same conduct, transaction, or occurrence as the original complaint where "the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading." *See In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (internal citations and quotations omitted).

In *Tiller*, the plaintiff based her complaint on a single occurrence, an accident resulting in her husband's death. She alleged that her husband's death resulted from the negligent operation of a railroad car which struck and killed him and from the railroad's failure to provide him with a reasonably safe place to work. On remand to the district court, she amended her complaint by adding claims that the railroad caused her husband's death by violating of the Federal Boiler Inspection Act and the Interstate Commerce Commission. The United States Supreme Court held that the amendment related back and therefore avoided a statute of limitations bar even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted. The Court reasoned that the "cause of action now, as it

was in the beginning, is the same — it is a suit to recover damages for the alleged wrongful death of the deceased." *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 575, 580–81 (1945).

The Supreme Court again spoke to this issue in *Mayle* when it held that so "long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." The Court reasoned that the "federal rulemakers recognized that personal injury plaintiffs often cannot pinpoint the precise cause of injury prior to discovery. They therefore included in the [a]ppendix to the [f]ederal [r]ules an illustrative form indicating that a personal injury plaintiff could adequately state a claim for relief simply by alleging that the defendant negligently operated a certain instrumentality at a particular time and place." The Court reaffirmed that the "widow in *Tiller* met that measure." *Mayle v. Felix*, 545 U.S. 644, 660, 664 (2005) (internal citations and quotations omitted). So too here.

Plaintiff bases his survivor claim on the same operative facts as his wrongful death claim. In fact, the additional statutes plaintiff seeks to add represent the means for a successor-in-interest to bring a wrongful death claim. Even if these additional statutes actually constituted a new claim, they would still relate back because the cause of action now, as it was in the beginning, remains the same — a suit to recover damages for the alleged wrongful death of plaintiff's daughter.

Therefore, plaintiff's motion for leave to amend his complaint is **GRANTED**.

2. **DEFENDANTS' MOTION TO DISMISS.**

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the district court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court accepts as true well-pled factual allegations in the complaint and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008).

Given that this order grants plaintiff leave to amend and defendants respond to plaintiff's proposed amendments in their motion to dismiss, this order will be based on the proposed third amended complaint. This order advises plaintiff to ensure he timely files the third amended complaint.

### A. Negligent infliction of emotional distress issue.

A "plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." *Thing v. La Chusa*, 48 Cal. 3d 644, 667–68 (1989).

Defendants argue that plaintiff "fails to allege . . . he was present at the scene of the collision" (Dkt. No. 120 at 7). This order agrees. Plaintiff alleges he "is the father of the deceased" and "as such was a direct victim of the actions . . . or the failures to act by defendants." He additionally alleges that defendants knew or should have known their actions would "cause severe emotional distress to surviving" family members. Lastly, plaintiff alleges defendants' actions or failures actually or proximately caused plaintiff "severe emotional distress or mental suffering" (Dkt. No. 105 at 14). Plaintiff, however, nowhere alleges his physical presence at or near the train tracks when the train hit his daughter.

Thus, the motion to dismiss the negligent infliction of emotional distress claim is **GRANTED**.

### B. Statute of limitations issues.

#### 1. *New party.*

BNSF argues plaintiff's claims against it remain time barred by the two-year statute of limitations because plaintiff's daughter passed on August 4, 2016 and plaintiff did not name BNSF until the second amended complaint on January 17, 2020.

6

Because the two-year statute of limitations has run, plaintiff's claims against BNSF must relate back to his original complaint. Our court of appeals requires satisfaction of three elements mandated by Rule 15:

> In order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it. Additionally, the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by . . . Rule . . . 4(m).

*Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1202 (9th Cir. 2014) (internal citations and quotations omitted).

No dispute arises as to satisfaction of the first requirement. BNSF argues it did not receive notice of the action and should not have known it would be named absent a mistake. It additionally argues that even if plaintiff could satisfy those requirements "the amendment naming BNSF does not relate back because BNSF was first named and served" more than 120 days after plaintiff filed the original complaint (Dkt. No. 120 at 4). Plaintiff replies that it remains impossible for BNSF to not have received notice and to not have known that the action would have been brought against it but for a mistake because Amtrak and BNSF retained the same counsel. Plaintiff argues that it continues to be "unlikely that BNSF was not aware that D[ejani] . . . H[all] was struck and killed on the area of tracks that BNSF owns." Moreover, plaintiff argues that he made a mistake by failing to name BNSF while representing himself *pro se* (Dkt. No. 121 at 9). This order agrees.

BNSF argues that addition of it to this litigation would result in "extreme prejudice" because "fact discovery closes on March 25, 2020, and the Court has stated that it will permit no further extensions of deadlines in the scheduling order" that it would cause extreme prejudice. It argues it would be denied an opportunity to participate in its own discovery even though it retained the same counsel as Amtrak (Dkt. No. 120 at 5).

7

The United States Supreme Court spoke directly to this issue when it determined that Rule 15(c)(1) "mandates relation back once the [r]ule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010). Therefore, BNSF's argument holds no bearing on whether this amendment relates back.

Thus, the motion to dismiss all claims against BNSF is **DENIED**.

### 2. *New claim.*

All defendants argue that plaintiff's survivor claim is time barred. As explained above, plaintiff's additional statutes relate back to the original wrongful death claim and do not constitute a new claim. The motion to dismiss the survivor claim is **DENIED AS MOOT**.

### C. Punitive damages issue.

"In order to justify an award of exemplary damages, the defendant must be guilty of oppression, fraud or malice. He [or she] must act with the intent to vex, injure, or annoy, or with conscious disregard of the plaintiff's rights." *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 921 (1978). Thus, plaintiff must allege defendants acted with malice, the intent to oppress, or the intent to defraud.

Our complaint alleges that each defendant "exhibited a reckless and wanton indifference to the life of D[ejani] . . . H[all] and others." It additionally alleges that defendants' actions or failures "exhibited such callous, reckless and wanton indifference to the lives of children and others that" their conduct "should be interpreted as intentional and wanton" (Compl. ¶¶ 8, 33). Therefore, plaintiff sufficiently pleads malice such that he may seek punitive damages.

Defendants argue that plaintiff's request for punitive damages should be dismissed because they cannot be sought in a wrongful death action (Dkt. No. 120 at 10). Plaintiff, however, never sought punitive damages under his wrongful death claim. He only seeks punitive damages under his negligence claim and dangerous condition claim (Compl. at 15–16).

Thus, the motion to dismiss the relief of punitive damages is **DENIED**.

\* \* \*

Given that plaintiff's motion to amend is granted, Defendants' motion to dismiss plaintiff's second cause of action is **DENIED AS MOOT**.

**CONCLUSION**

Plaintiff's motion for leave to amend his complaint is **GRANTED**. The negligent infliction of emotional distress claim is **DISMISSED**.

By **APRIL 23, 2019, AT NOON**, plaintiff may seek leave to amend dismissed claims by a motion noticed on the normal 35-day calendar. Plaintiff must plead his best case. His motion should affirmatively demonstrate how the proposed amended complaint corrects the deficiencies identified in this order, as well as any other deficiencies raised in the defendants' motion but not addressed herein. The motion should be accompanied by a redlined copy of the amended complaint.

**IT IS SO ORDERED.**

Dated: March 26, 2020.

WILLIAM ALSUP
United States District Judge