Paul V. Gallegos (CSBN 161408)
GALLEGOS LAW FIRM
804 Third Street, Suite C
Eureka, California 95501
Telephone: (707)441-8477
Facsimile: (707)441-8479
Email: paul@gallegoslawhumboldt.com

Attorneys for Plaintiff,
RANDY LEE HALL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDY LEE HALL,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"), JONATHAN STASKA, Engineer Driver, DENISE HOGG, Conductor, MICHAEL JOHN TORRENCE, Assistant Conductor, BNSF RAILWAY COMPANY, and DOES 1 through 49 inclusive,<br><br>Defendants. | Case No.: 3:19-cv-02312-WHA<br><br>PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES<br><br>1. Negligence of Carrier<br>2. Dangerous Condition Creating Risk of Great Bodily Injury and Death<br>3. Wrongful Death |

COMES NOW Plaintiff, RANDY LEE HALL, by and through undersigned counsel, and both individually and as a successor in interest to the estate of DEJANI MONETTE HALL, deceased, for the following causes of action against defendants, and each of them, alleges on information and belief the following:

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTRODUCTION

1.      This is a wrongful death and personal injury action arising out of the injury to and death of DEJANI MONETTE HALL, on and around 7:00 p.m. Pacific Standard Time, August 4, 2016, along the railroad tracks near the intersection of Glen and Santa Fe Avenues in Merced, California and along a stretch of tracks and land that is owned, controlled, operated, supervised, managed, secured, patrolled and/or maintained by defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them.

2.      This area of track is and was, at all relevant times, known by defendants, and each of them, to be a local, specific individual safety hazard as they knew that this section of track was located between Hoover Middle School and a populated residential area with children that regularly, consistently and continuously crossed the tracks to get to and from school.

3.      Defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, knew or should have known that their failure to construct fencing or other impediment between the tracks and the trail along the northside of the tracks and dirt road along the southside of this section of track constituted actual or constructive permission and/or authorization by children and others to walk over and along the tracks as it created such extensive public use and access of the tracks and land along this section of tracks that, by failing to construct fencing to prevent access along and over the tracks, defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, had given the children and others that walked along and over the tracks constructive or actual permission, authority and license to walk along and over the tracks.

4.      This permission, authority and license was created by defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, because they failed to construct fencing or other impediments to prevent children and others from walking along and over the tracks and

travelling along that stretch of tracks despite knowing that children and others regularly, continuously, unimpeded and uninterrupted walked along and over the tracks along that stretch of track.

5.      Despite knowing that their failure to construct fencing or other impediments to prevent children and others from regularly, continuously, unimpeded and uninterrupted walking along and over the tracks along that stretch of track created a local, specific individual safety hazard to children and others who crossed over and walked along the tracks, Defendants did not construct fencing or other impediments to prevent children and others from walking over and along the tracks.

6.      Such failure by BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, constituted actual or constructive permission, authority and license to walk along and over the tracks by BNSF RAILWAY COMPANY and/or AMTRAK, and each of them.

7.      Despite their knowledge of this local, specific individual safety hazard created by BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, continued to permit, authorize or ratify trains travelling through this area at speeds of 60 miles per hour as authorized by 49 C.F.R. 213.9.

8.      Because such conduct of defendants, and each of them, exhibited a reckless and wanton indifference to the life of DEJANI MONETTE HALL and others, Plaintiff asks this Court to award him for damages in sufficient amount to compensate him for the loss of his daughter DEJANI MONETTE HALL, for his pain and suffering and loss of company and comfort caused by that loss, and to cause defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, to take such steps as are necessary to reduce the risk of great bodily and death to children and others along this stretch of track in the future.

JURISDICTION AND VENUE

9.    This Court has original jurisdiction over this action and the claims asserted against defendant, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK (herein referred to as "AMTRAK") under 28 U.S.C. § 1331 because AMTRAK was incorporated by an Act of Congress, 45 U.S.C. §§ 501, et seq., and the United States owns more than 50% of AMTRAK's capital stock. 28 U.S.C. § 1349; *In Re Rail Collision Near Chase*, Maryland, 680 F. Supp. 728, 731 (D. Md. 1987). (Exhibit 1 - National Railroad Passenger Corporation's Certification of Interested Parties filed in this matter on May 2, 2019).

10.    The action and the claims against the other named defendants, (with the exception of BNSF RAILWAY COMPANY) who are represented by counsel for AMTRAK, were removed on motion of counsel, from the Superior Court of the State of California, County of Contra Costa, under 28 U.S.C § 1441, with the consent of the other named defendants. As a result of their joinder in the Notice to Remove and consent to the removal of the action and claims to this Court, this Court has jurisdiction over this action and the claims against the other named defendants (With the exception of BNSF RAILWAY COMPANY). (Exhibit 2 - Notice of Removal filed in this matter on April 29, 2019, p 2, lines 26-27.).

11.    This Court has supplemental jurisdiction over Plaintiff's claims that arise under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims herein alleged occurred in this district and all defendants reside in or are or were engaged in doing business in Merced County and this Court's district at all relevant times or have consented to this Court as being the proper venue.

PARTIES

13.     Plaintiff, RANDY LEE HALL, is a competent adult and the surviving father of the deceased, DEJANI MONETTE HALL, and brings this action individually and as the successor-in-interest to the deceased, DEJANI MONETTE HALL.

14.     Plaintiff, RANDY LEE HALL, is entitled to bring this action as the successor-in-interest pursuant to California Code of Civil Procedure §§ 377.20–377.43 and for the wrongful death of the deceased, DEJANI MONETTE HALL, pursuant to California Code of Civil Procedure § 377.60, and based on his relationship as her father and as the duly appointed, qualified, and acting personal representative of the estate of decedent. (Exhibit 3 – Order of Probate, Superior Court of California, Contra Costa County, Case number P19-01290; Exhibit 4 – Letters of Special Administration, Superior Court of California, Contra Costa County, Case number P19-01290).

15.     Defendant, AMTRAK, is a District of Columbia corporation that was authorized to be created by the *Rail Passenger Act*, 49 U.S.C. § 24101, et seq., with its principal place of business in California located at their Los Angeles Field Office which is located at 810 N. Alameda St., Suite 129, Los Angeles, California.

16.     Defendant, AMTRAK, is, and at all times mentioned in this Complaint, was doing business throughout the State of California including, but not limited to, Merced, County, California and the City of Merced with its principal place of business in Merced County being the Merced Depot located at 324 West 24th Street in the City of Merced which is owned, operated, and maintained by defendant, AMTRAK. Defendant, AMTRAK, in some manner, either solely or individually, owned, controlled, operated, supervised, managed, secured, patrolled and/or maintained the area of railroad tracks that defendant, AMTRAK, was travelling on at around 7:00

p.m., on August 4, 2016 when AMTRAK train number 71704 struck, injured and killed DEJANI MONETTE HALL.

17.     Defendant, AMTRAK, is, and at all times herein mentioned was, a common carrier of passengers for reward, and as such offered the use of railroad cars owned by defendant, AMTRAK, with operators employed by defendant, AMTRAK, to the public for hire in and between various points in Merced County, California and, as such, defendant, AMTRAK, is, and all times herein mentioned was, a "public utility" as defined by California Public Utilities Code § 216

18.     Defendant, AMTRAK, as a public utility is liable for all loss, damages or injury caused by or resulting from any act, matter or thing they do, cause to be done, permit to be done, or omit to do that is unlawful and are liable for exemplary damages if such act, matter or thing they do, cause to be done, permit to be done or omit to do is willful.

19.     At all times mentioned herein, Defendant, JONATHAN STASKA, was an employee of defendant, AMTRAK, was the engineer operating AMTRAK train number 71704, at the time DEJANI MONETTE HALL was struck and injured and killed on and around 7:00 p.m., on August 4, 2016, and was an agent and employee of defendant, AMTRAK, and, and in doing the things herein alleged, was acting within the scope of his authority as an agent and employee of defendant, AMTRAK, and with the consent and permission of defendant AMTRAK.

20.     At all times mentioned herein, Defendant, DENISE HOGG, was an employee of defendant, AMTRAK, was the conductor of AMTRAK train number 71704, at the time DEJANI MONETTE HALL was struck, injured and killed on and around 7:00 p.m., on August 4, 2016, and was an agent and employee of defendant, AMTRAK, and, and in doing the things herein

alleged, was acting within the scope of his authority as an agent and employee of defendant, AMTRAK, and with the consent and permission of defendant AMTRAK

21.     At all times mentioned herein, Defendant, MICHAEL JOHN TORRENCE, was an employee of defendant, AMTRAK, was the assistant conductor of AMTRAK train number 71704, at the time DEJANI MONETTE HALL was struck, injured and killed on and around 7:00 p.m., on August 4, 2016, and was an agent and employee of defendant, AMTRAK, and, and in doing the things herein alleged, was acting within the scope of his authority as an agent and employee of defendant, AMTRAK, and with the consent and permission of defendant AMTRAK.

22.     Defendants, JONATHAN STASKA, DENISE HOGG, and MICHAEL JOHN TORRENCE consented to the removal of the action and claims to this Court and, as such, this Court has jurisdiction over this action and the claims against them. (Supra, Paragraph 3. See also, Exhibit 2 - Notice of Removal filed in this matter on April 29, 2019, p 2, lines 26-27.)

23.     Defendant, BNSF RAILWAY COMPANY, is a Delaware corporation (Exhibit 5 – Amended Statement by Foreign Corporation filed January 21, 2005) with its principal place of business in California located at 740 Carnegie Drive, San Bernardino, California 92408.

24.     Defendant, BNSF RAILWAY COMPANY, is and at all times mentioned in this Complaint was doing business throughout the State of California including, but not limited to, Merced, County, California and in some manner, either solely or individually, owned, controlled, operated, supervised, managed, secured, patrolled and/or maintained the area of railroad tracks that defendant, AMTRAK, was travelling on at around 7:00 p.m., on August 4, 2016 when AMTRAK train number 71704 struck and injured and killed DEJANI MONETTE HALL.

25.     Defendant, BNSF RAILWAY COMPANY, is, and all times herein mentioned was, a common carrier of persons and/or property for reward, and as such offered the use of railroad cars

owned by defendant, BNSF RAILWAY COMPANY, with operators employed by defendant, BNSF RAILWAY COMPANY, to the public for hire in and between various points in Merced County, California and, as such, defendant, BNSF RAILWAY COMPANY, is, and all times herein mentioned was, a "public utility" as defined by California Public Utilities Code § 216.

26.     Defendant, BNSF RAILWAY COMPANY, as a public utility is liable for all loss, damages or injury caused by or resulting from any act, matter or thing they do, cause to be done, permit to be done, or omit to do that is unlawful and are liable for exemplary damages if such act, matter or thing they do, cause to be done, permit to be done or omit to do is willful.

27.     Defendants DOES 1 through 49, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by such defendants.

GENERAL ALLEGATIONS

28.     On and around 7:00 p.m. Pacific Standard Time, August 4, 2016, the deceased, DEJANI MONETTE HALL, was walking westbound along the southside or western traffic side of railroad tracks that are in some manner, either jointly or individually, owned, controlled, operated, supervised, managed, secured, patrolled and/or maintained by defendants, BNSF RAILWAY COMPANY, and/or by AMTRAK, and each of them.

29.     The area of track on which DEJANI MONETTE HALL walked is located near the intersection of Santa Fe and Glen Avenues in the City of Merced between Hoover Middle School and a highly populated residential area. Hoover Middle School is immediately to the north of the

northside or east bound track on Santa Fe Avenue. The highly populated residential area is located immediately to the south of the tracks. Both sides of the tracks contain trails with the south side containing both trails and a dirt road that is used by children and others to access the neighborhoods to the south and to cross over to Santa Fe Avenue and the Hoover Middle School. This area is also known to be regularly utilized by homeless and other transient people such that the area along the tracks where there are trees and shrubs is avoided by walking up and on and along the tracks. The southside of the tracks in this area is known by the defendants and each of them, to be utilized by pedestrian traffic because all pedestrian traffic that accesses the south side of the tracks from the north side through the pedestrian underpass must use the trail on the southside of the tracks to access the residential area to the south of the tracks, Glen Avenue to the east, and G Street to the west. The trail along the southside of the tracks is also the entrance point to a pedestrian underpass which leads under the tracks to Santa Fe Avenue. Because of the smell of urine, human waste and the perceived risk of confrontation or victimization by persons in and around the underpass, children and pedestrian traffic cross over the tracks rather than use the pedestrian underpass.

30.     The underpass was constructed because of known risk of death or great bodily injury to children and others who regularly crossed over the tracks in this area to pass from the southside (residential neighborhood) to the Hoover Middle School and/or the northside (Santa Fe Avenue). The underpass, however, is only accessed through the trails that run along the south and north of the tracks. This regular traffic by children and others crossing over the tracks and along the trails to the south and north of the tracks in this area is well known to defendants, and each of them.

31.     For all of the above reasons, defendants, and each of them knew and know that this area of track, at all times mentioned in this complaint, posed a local, specific individual safety hazard

as they knew and know that that this section of track, which is located between Hoover Middle School and a populated residential area that children and others regularly, was and is consistently and continuously crossed over and walked along by children get to and from school and by other or to Santa Fe and Glen Avenues and/or G Street. As such defendants, and each of them, knew and know that their failure to construct fencing or other impediment to prevent children and others from walking over and along the tracks in this area constituted actual or constructive permission, and/or authority and license by defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, to children and others to walk over and along this area of tracks. Defendants, and each of them, actually or constructively knew further that their failure had created such extensive public use and access of the tracks and land along this section of track that the children and others that walked over and along the tracks were not trespassers but were, rather, invitees with constructive or actual permission, authority and license from defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, to cross over and walk along the tracks.

32.     This license to children and others to walk over and along this area of tracks was actually or constructively created by defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, because the presence of children and others walking along and over the tracks along that stretch of track was actually known by defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, to be so regular, continuous, unimpeded, uninterrupted, and anticipated by defendants, and each of them, that the conduct of defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, in not constructing fencing or other impediments to children and others walking along and over the tracks could and can only be reasonably interpreted by others as permission and authority from defendants, BNSF RAILWAY COMPANY and/or AMTRAK.

33.     Defendants, and each of them, by driving trains or by authorizing or permitting trains to be driven at speeds of 60 miles per hour as authorized by 49 C.F.R. 213.9, through this area of tracks that each of them knew, at all times mentioned in this complaint, posed a local, specific individual safety hazard to children and others that crossed over and walked along the tracks and that their failure to construct fencing or other impediments to prevent children and others from crossing over and walking along the tracks had created an actual or constructive license for children and others to walk over and along the tracks, exhibited such callous, reckless and wanton indifference to the lives of children and others that the conduct of defendants, and each of them, should be interpreted as intentional and wanton for which defendants, and each of them, are subject to exemplary damages.

34.     The deceased, DEJANI MONETTE HALL, was walking along the tracks instead of on the dirt road because of the presence of trees and shrubs along the dirt road that was frequented by homeless and transient people. As DEJANI MONETTE HALL began walking westbound along the tracks an eastbound train was travelling on the northside track. Unknown to DEJANI MONETTE HALL, AMTRAK train number 71704 was approaching her from behind. AMTRAK train number 71704, despite entering this area of track that was known to pose a local, specific individual safety hazard to children and others that were walking over and along the track with the actual or constructive permission and authority of BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, was travelling toward DEJANI MONETTE HALL at 60 miles per hour.

35.     Defendant, JONATHAN STASKA, the engineer operating AMTRAK train number 71704, chose to enter this area of track without slowing down to a speed that would enable him

to avoid great bodily injury or death to children or others crossing over or walking along the tracks, exhibiting a callous indifference to the risk of great bodily injury or death to children or others.

36.     Shortly after passing through the train crossing on Glen Avenue, JONATHAN STASKA, the engineer operating AMTRAK train number 71704, noticed DEJANI MONETTE HALL walking along the southside of the tracks. JONATHAN STASKA, the engineer operating AMTRAK train number 71704, sounded the train horn to get her attention and, after seeing that she did not hear the train horn applied the emergency brakes to the train and approximately 1,000 feet west from the railroad crossing on Glen Avenue, approximately 700 feet west of the pedestrian underpass, and 20 seconds or less after JONATHAN STASKA, the engineer operating AMTRAK train number 71704, noticed DEJANI MONETTE HALL, walking along the tracks, AMTRAK train number 71704 struck DEJANI MONETTE HALL from behind without her having any opportunity to take evasive action to avoid being struck.

37.     After DEJANI MONETTE HALL was struck, JONATHAN STASKA, the engineer operating AMTRAK train number 71704, stopped the train and defendants, JONATHAN STASKA, DENISE HOGG, and MICHAEL JOHN TORRENCE, exited the train and approached her body. Although she was still alive, rather than attempt to begin CPR or do any act to prevent her from dying, defendants, JONATHAN STASKA, DENISE HOGG, and MICHAEL JOHN TORRENCE, covered her with a blue tarp and waited for emergency personnel to arrive.

38.     On arrival at the area where DEJANI MONETTE HALL lay covered with blue tarp, Merced Police Officer Cruz, badge number 226, noticed that DEJANI MONETTE HALL was still breathing and he began CPR and continued it until the Riggs Ambulance crew arrived. Shortly after the Riggs Ambulance crew arrived, they pronounced DEJANI MONETTE HALL deceased.

39.     It is presumed that DEJANI MONETTE HALL mistook the train horn being sounded by AMTRAK train number 71704 either being farther behind her than it actually was or as the train horn to eastbound train on the northside track.

FIRST CAUSE OF ACTION
(Gross Negligence and Negligence of Carrier)
(California Civil Code §§ 1714(a), 3333)
(All defendants)

40.     Plaintiff hereby refers to Paragraphs 1 through 39 of this Complaint and incorporates them by reference herein and makes them a part hereof as if stated again herein in full.

41.     At all times herein mentioned, defendants, and each of them, knew that area of track where DEJANI MONETTE HALL was struck, injured and killed was a local, specific individual safety hazard and that the failure of defendants,  BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, to install warnings and/or construct fencing or other impediments to prevent children and others from crossing over and walking along the tracks had created an actual or constructive license for children and others to walk over and along the tracks.

42.     As a result of the above, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, had a duty to install warnings and/or construct fencing or other impediments to prevent children and others from crossing over and walking along the tracks and they failed to do so.

43.     As a result of their failure, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, actually and/or constructively gave permission and/or authorized children and others to cross over and walk along this area of track.

44.     Despite the actual and constructive knowledge by defendants, and each of them, of this specific individual safety hazard and the license for children and others to cross over and walk along the tracks granted by BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, defendants, and each of them, drove AMTRAK train number 71704, or permitted it to be driven,

through the area of track where DEJANI MONETTE HALL was struck at speeds of 60 miles per hour as authorized by 49 C.F.R. 213.9, instead of at a speed that would reduce the risk of great bodily injury or death to children or others crossing over walking along the track.

45.   Such actions by defendants alleged in this complaint, and each of them, and/or failures to act exhibits a conscious and callous indifference to, or disregard of, probable great bodily injury or death to children and others, including DEJANI MONETTE HALL, by defendants, and each of them, and constitutes gross negligence.

46.   As an actual and proximate result of the deliberate, wanton, conscious and callous indifference to the potential for great bodily injury or death to children and others, including DEJANI MONETTE HALL, their gross or other negligence, DEJANI MONETTE HALL, was struck, injured and killed.

47.   At all times prior to her death, DEJANI MONETTE was a faithful and dutiful daughter of plaintiff, RANDY LEE HALL, whose loss he continues to mourn today.

48.   As an actual and proximate result of the acts, or failure to act, by defendants, and each of them, that resulted in the death of DEJANI MONETTE HALL, plaintiff, RANDY LEE HALL, has  sustained pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of decedent in the future.

49.   As a further proximate result of the acts or failure to act, by defendants, and each of them, plaintiff, RANDY LEE HALL, incurred funeral and burial expenses.

SECOND CAUSE OF ACTION
(Dangerous Condition Creating Risk of Great Bodily Injury or Death)
(BNSF RAILWAY COMPANY and AMTRAK)

50.   Plaintiff hereby refers to Paragraphs 1 through 49 of this Complaint and incorporates them by reference herein and makes them a part hereof as if stated again herein in full.

51.     At the times and place herein mentioned, defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, deliberately, wantonly, consciously and with callous indifference to or with disregard of the probable great bodily injury or death to children and others, including DEJANI MONETTE HALL, failed to maintain, mismanaged, failed to control, or engage in business on the above property that they, in some manner, either solely or individually, they owned, controlled, operated, supervised, managed, secured, patrolled and/or maintained.

52.     Such acts or failures to act that are described above constituted breach of duty to plaintiff, DEJANI MONETTE HALL and to Plaintiff, RANDY LEE HALL.

53.     Defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, knew, or in the exercise of reasonable care should have known, that their acts or failures to act created a dangerous condition and unreasonable risk of harm.

54.     Defendants, BNSF RAILWAY COMPANY and/or AMTRAK, and each of them, deliberately, wantonly, consciously and callously and with indifference to the potential for great bodily injury or death to children and others, including DEJANI MONETTE HALL, failed to take steps to either make the condition safe or warn DEJANI MONETTE HALL of the dangerous conditions caused by their acts or failures to act including, but not limited to, warning that their trains were driving at a speed that was unsafe in light of the local, specific individual safety hazard created by the location of the tracks between the Hoover Middle School and the populated residential area and the trail and road along the tracks and their failure to construct fencing or other impediments to children and others walking over or along the tracks.

55.     Such acts or failures to act alleged in this complaint by defendants, and each of them, exhibited a deliberate, wanton, conscious and callous indifference to, or disregard of, probable

great bodily injury or death to children and others, including DEJANI MONETTE HALL, by defendants, and each of them, and constitutes indifference to gross negligence.

56.     As an actual and proximate result of the deliberate, wanton, conscious and callous indifference to the potential for great bodily injury or death to children and others, including DEJANI MONETTE HALL, their gross or other negligence, DEJANI MONETTE HALL, was struck, injured and killed.

57.     At all times prior to her death, DEJANI MONETTE was a faithful and dutiful daughter of plaintiff, RANDY LEE HALL, whose loss he continues to mourn today.

58.     As an actual and proximate result of the acts, or failure to act, by defendants, and each of them, that resulted in the death of DEJANI MONETTE HALL, plaintiff, RANDY LEE HALL, has  sustained pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of decedent in the future.

59.     As a further proximate result of the acts or failure to act, by defendants, and each of them, plaintiff, RANDY LEE HALL, incurred funeral and burial expenses.

THIRD CAUSE OF ACTION
(Wrongful Death)
(California Civil Code § 377.60)
(All defendants)

60.     Plaintiff hereby refers to Paragraphs 1 through 59 of this Complaint and incorporates them by reference herein and makes them a part hereof as if stated again herein in full.

61.     Plaintiff, RANDY LEE HALL, is entitled under California Code of Civil Procedure § 377.60(a) as he would be entitled to the property of the deceased, DEJANI MONETTE HALL, under the laws of intestate succession in the State of California in that DEJANI MONETTE HALL died without a surviving spouse, domestic partner, children, or issue of deceased children

and he is her father and is entitled to the property of the deceased under California Probate Code § 6402(b).

62.    As an actual and proximate result of the acts of or failure of act by defendants, and each of them, alleged above and of the death of decedent, DEJANI MONETTE HALL, plaintiff, RANDY LEE HALL, has sustained pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of his daughter, DEJANI MONETTE HALL.

63.    As a further actual and proximate result of the acts of or failure of act by defendants, and each of them, and of the death of decedent, DEJANI MONETTE HALL, plaintiff, RANDY LEE HALL, has incurred funeral and burial expenses.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays judgment as follows:

FOR THE FIRST CAUSE OF ACTION

1.    For general damages according to proof;

2.    For medical and related expenses for DEJANI MONETTE HALL according to proof;

3.    For funeral and burial expenses for DEJANI MONETTE HALL according to proof;

4.    For interest on all economic damages in the legal amount from the date of death of DEJANI MONETTE HALL, to the date of judgment;

5.    For punitive damages;

6.    For costs of suit herein incurred; and

7.    For such other and further relief as the court may deem proper.

FOR THE SECOND CAUSE OF ACTION

Plaintiff prays judgment against defendants, and each of them, as follows:

1.    For general damages according to proof;

2. For medical and related expenses for DEJANI MONETTE HALL according to proof;

3. For funeral and burial expenses for DEJANI MONETTE HALL according to proof;

4. For interest on all economic damages in the legal amount from the date of death of DEJANI MONETTE HALL, to the date of judgment;

5. For special damages according to proof;

6. For costs of suit herein incurred; and

7. For such other and further relief as the court may deem proper

FOR THE THIRD CAUSE OF ACTION

Plaintiff prays judgment against defendant as follows:

1. For general damages for severe emotional distress and mental suffering according to proof;

2. For medical and related expenses for DEJANI MONETTE HALL according to proof;

3. For funeral and burial expenses for DEJANI MONETTE HALL according to proof;

4. For interest on all economic damages in the legal amount from the date of death of DEJANI MONETTE HALL, to the date of judgment;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

Dated: 4/10/2020                  By: _____
                                       Paul V. Gallegos
                                       GALLEGOS LAW FIRM
                                       Attorneys for Plaintiff,
                                       RANDY LEE HALL

Exhibit 1

1  VINCENT CASTILLO, State Bar No. 209298
   vcastillo@aghwlaw.com
2  ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
   aklein@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:     (415) 697-2000
5  Facsimile:      (415) 813-2045

6  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER CORPORATION
7  dba AMTRAK, JONATHAN STASKA, DENISE HOGG,
   and MICHAEL JOHN TORRENCE

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  RANDY LEE HALL,                        Case No. 3:19-cv-02312-LB

13           Plaintiff,                    **NATIONAL RAILROAD PASSENGER
                                           CORPORATION'S CERTIFICATION OF
14      v.                                 INTERESTED ENTITIES**

15  AMTRAK, NATIONAL RAILROAD              Hon. Laurel Beeler
    PASSENGER CORPORATION
16  (AMTRAK), RICHARD H. ANDERSON          Trial:    None set.
    President and Chief Executive Officer,
17  ELEANOR D. ACHESON-Executive Vice
    President and General Counsel &
18  Corporate Secretary, KENNETH
    HYLANDER-Executive Vice President
19  and Chief Safety Officer, JONATHAN
    STASKA-Engineer Driver, DENISE
20  HOGG-Conductor, MICHAEL JOHN
    TORRENCE-Assistant Conductor, and
21  DOES 1 to 50, inclusive,

22           Defendants.

23

24

25  / / /

26  / / /

27  / / /

28  / / /

───────────────────────────────────────

                              1                    CERTIFICATION OF INTERESTED
                                                              ENTITIES
                                                         3:19-CV-02312-LB

*(left margin)* ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

*(bottom left)* 306114.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1  National Railroad Passenger Corporation (Amtrak) is a District of Columbia corporation

2 that was authorized to be created by the Rail Passenger Service Act, 49 U.S.C. § 24101, et seq.

3  Amtrak has no parent corporation. It has two wholly owned subsidiaries:  Passenger

4 Railroad Insurance Limited (PRIL) and Washington Terminal Company (WTC).

5  The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's

6 preferred stock (109,396,994 shares at $100 par value). Amtrak's common stock (9,385,694

7 shares at $10 par value) is held by American Premier Underwriters, Inc. (55.8%; a wholly owned,

8 not publicly traded, subsidiary of American Financial Group, Inc., which is publicly traded),

9 Burlington Northern and Santa Fe LLC (35.7%; BNSF LLC is a wholly-owned, not publicly

10 traded, subsidiary of Berkshire Hathaway, which is publicly traded) Canadian Pacific Railway

11 (6.3%), and Canadian National Railway (2.2%).  None of Amtrak's stock is publicly traded.

12

13

14        Respectfully submitted,

15 Dated: May 2, 2019    ALLEN, GLAESSNER,
            HAZELWOOD & WERTH, LLP

16

17        By: */s/ Vincent Castillo*
            VINCENT CASTILLO

18          ALEXEI N. OFFILL-KLEIN
          Attorneys for Defendants

19          NATIONAL RAILROAD PASSENGER
          CORPORATION dba AMTRAK,

20          JONATHAN STASKA, DENISE HOGG, and
          MICHAEL JOHN TORRENCE

21

22

23

24

25

26

27

28

CERTIFICATION OF INTERESTED
ENTITIES
3:19-CV-02312-LB

306114.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1

PROOF OF SERVICE
*Randy Lee Hall v. Amtrak et al.*
U.S. Northern District Case No. 3:19-cv-02312-LB

2

3

    I am a resident of the State of California, over 18 years of age and not a party to the
within action. I am employed in the County of San Francisco; my business address is: 180
Montgomery Street, Suite 1200, San Francisco, California 94104. On May 2, 2019, I served the
within:

4

5

6

NATIONAL RAILROAD PASSENGER CORPORATION'S CERTIFICATION OF
INTERESTED ENTITIES

7

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed
as follows:

8

9

Randy Lee Hall                                  T: (510) 812-3139
1006 Regatta Point

10

Hercules, CA 94547

11

*Plaintiff Pro Per*

12

☒   By United States Mail: I enclosed the document in a sealed envelope or package addressed to
the persons at the addresses listed above and placed the envelope/package for collection and mailing,
following our ordinary business practices. I am readily familiar with this business's practice for
collecting and processing documents for mailing. On the same day that the document is placed for
collection and mailing, it is deposited in the ordinary course of business with the United States Postal
Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served,
service is presumed invalid if postal cancellation date or postage meter date is more than one day after
the date of deposit for mailing an affidavit.

13

14

15

16

I am a resident or employed in the county where the mailing occurred. The envelope or package was
placed in the mail at San Francisco, California.

17

18

☒   I declare under the laws of the United States of America that I am employed in the
office of a member of the Bar of this court at whose direction the service was made and
that the foregoing is true and correct.

19

20

    Executed on May 2, 2019, at San Francisco, California.

21

22

/s/ Adrian Castaneda
_____
Adrian Castaneda

23

24

25

26

27

28

306114.1

Exhibit 2

1  VINCENT CASTILLO, State Bar No. 209298
   vcastillo@aghwlaw.com
2  ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
   aklein@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:    (415) 697-2000
5  Facsimile:    (415) 813-2045

6  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER CORPORATION
7  dba AMTRAK, JONATHAN STASKA, DENISE HOGG,
   and MICHAEL JOHN TORRENCE

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  RANDY LEE HALL,                    | Case No.

13              Plaintiff,             | **NOTICE OF REMOVAL BY DEFENDANTS**

14       v.

15  AMTRAK, NATIONAL RAILROAD
    PASSENGER CORPORATION
16  (AMTRAK), RICHARD H. ANDERSON
    President and Chief Executive Officer,
17  ELEANOR D. ACHESON-Executive Vice
    President and General Counsel &
18  Corporate Secretary, KENNETH
    HYLANDER-Executive Vice President
19  and Chief Safety Officer, JONATHAN
    STASKA-Engineer Driver, DENISE
20  HOGG-Conductor, MICHAEL JOHN
    TORRENCE-Assistant Conductor, and
21  DOES 1 to 50, inclusive,

22              Defendants.

23

24

25  ///

26  ///

27  ///

28  ///

                                    1          NOTICE OF REMOVAL BY
                                               DEFENDANTS
                                               CASE NO. _____

*(left margin, vertical)* ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

299176.1

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

1       Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK

2 (erroneously sued as "Amtrak, National Railroad Passenger Corporation (Amtrak)"),

3 JONATHAN STASKA, DENISE HOGG, and MICHAEL JOHN TORRENCE (collectively,

4 "Defendants") allege as follows:

5       1.      On August 2, 2018, plaintiff Randy Hall filed a Complaint in the Superior Court

6 of the State of California, County of Contra Costa, entitled *Randy Lee Hall v. Amtrak, et al.*, Case

7 No. C18-01545. The Complaint names as defendants NATIONAL RAILROAD PASSENGER

8 CORPORATION dba AMTRAK (erroneously sued as "Amtrak, National Railroad Passenger

9 Corporation (Amtrak)") and Amtrak employees RICHARD H. ANDERSON, ELEANOR D.

10 ACHESON, KENNETH HYLANDER, JONATHAN STASKA, DENISE HOGG, and

11 MICHAEL JOHN TORRENCE. A true and correct copy of that unverified Complaint is attached

12 hereto as **Exhibit A**.

13       2.      The Summons and Complaint were served upon NATIONAL RAILROAD

14 PASSENGER CORPORATION dba AMTRAK ("Amtrak") on April 1, 2018.

15       3.      This Court has original jurisdiction over plaintiff's claims against Amtrak under

16 28 U.S.C. § 1331 because Amtrak was incorporated by an Act of Congress, 45 U.S.C. § 501, *et*

17 *seq.*, and the United States of America owns more than 50% of Amtrak's capital stock. 28 U.S.C.

18 § 1349; *In re Rail Collision Near Chase, Maryland*, 680 F.Supp. 728, 731 (D.Md. 1987).

19       4.      The removal of this action to this Court is proper under 28 U.S.C. § 1441(a)

20 because this is a civil action over which the district courts of the United States have original

21 jurisdiction, and this District Court embraces the place in which the state action is pending.

22       5.      According to the Contra Costa County Superior Court's online docket, plaintiff

23 filed a First Amended Complaint on April 29, 2019. Defendant has not yet received a copy of the

24 First Amended Complaint, but the online docket indicates that plaintiff has dismissed defendants

25 Richard H. Anderson, Eleanor D. Acheson, and Kenneth Hylander.

26       6.      Accordingly, this Notice of Removal is brought on behalf of each remaining

27 named defendant, and each remaining named defendant joins and consents to removal.

28       7.      Unidentified defendants sued as "Does" need not join in a Notice of Removal.

NOTICE OF REMOVAL BY
DEFENDANTS
CASE NO. _____

299176.1

1     *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1313 (9th Cir. 1980).

2        8.    Thus, this Notice of Removal is timely and proper.

3        9.    A copy of the Notice of Removal to Federal Court that will be filed with the

4 Contra Costa County Superior Court is attached hereto as **Exhibit B**.

5        WHEREFORE, Defendants pray that this action be removed to this Court.

6

7

8                              Respectfully submitted,

9 Dated: April 29, 2019            ALLEN, GLAESSNER,
                                      HAZELWOOD & WERTH, LLP·

10

11                      By:   _/s/ Alexei N. Offill-Klein_
                              VINCENT CASTILLO

12                               ALEXEI N. OFFILL-KLEIN
                              Attorneys for Defendants

13                               NATIONAL     RAILROAD     PASSENGER
                              CORPORATION      dba       AMTRAK,

14                               JONATHAN STASKA, DENISE HOGG, and
                              MICHAEL JOHN TORRENCE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

299176.1

3

# EXHIBIT A

1   RANDY LEE. HALL
    1006 Regatta Point
2   Hercules, CA 94547
    Tele: (510) 812-3139
3
    Plaintiff, RANDY L. HALL
4   in *propria persona*

5

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF CONTRA COSTA

10                          UNLIMITED JURISDICTION

11

12   RANDY LEE. HALL,                        ) Case No.: C18 - 01545
                                             )
13                  Plaintiff,               )
                                             )
14         v.                                ) COMPLAINT FOR DAMAGES
                                             )
15   AMTRAK, NATIONAL RAILROAD               ) 1)   First Cause of Action
     PASSENGER CORPORATION                   )      GROSS NEGLIGENCE
16   (AMTRAK), RICHARD H. ANDERSON           ) 2)   Second Cause of Action
     President and Chief Executive Officer,  )      Dangerous Condition of Public
17   ELEANOR D. ACHESON-Executive Vice       )      and Private Property
     President and General Counsel & Corporate )    For attorney fees and costs of suit
18   Secretary, KENNETH HYLANDER-            )
     Executive Vice President and Chief Safety )
19   Officer, JONATHAN STASKA-Engineer       )
     Driver,  DENISE HOGG-Conductor,         )    **JURY TRIAL DEMAND**
20   MICHAEL JOHN TORRENCE-Assistant         )
     Conductor, and DOES 1 to 50, inclusive, )
21                                           )
                                             )
22                  Defendants.              )
                                             )
23   _____/ )

24

25         Plaintiff, RANDY L. HALL alleges as follows:

26                                    I.

27                          **General Allegations**

28                     **Applicable to All Causes of Action**

                                    1

                          **COMPLAINT FOR DAMAGES**

1.    Plaintiff, RANDY L. HALL hereinafter ("HALL") is a resident of Hercules, California and a resident of the State of California.

2.    Defendant, JONATHAN STASKA-Engineer Driver of the Train which struck and killed the victim Dejani Monette Hall-who is the Daughter of Plaintiff Hall, DENISE HOGG-Conductor and MICHAEL JOHN TORRENCE-Assistant Conductor of the train assisted in the killing of victim Dejani Monette Hall. The above individuals personally and individually assisted in the striking and killing Ms. Hall and are trained to drive and conduct the Amtrak trains in the state of California. Defendant, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)., is a Private Company which performs the service to the Public to transport Passengers via Trains. Defendants, headquarters are located at 10 G St NW, Washington, DC 20001. Ms. Dejani Monette Hall was killed in Merced California by defendants on 08/04/2016, August 04th, 2016 at approximately 18:40 while the deceased was walking to the gyn to work out, as she takes the same route everyday to walk to the gym In-Shape in Merced California.

3.    Defendant, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), is a business which performs transportation of passengers including children. Defendant, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), is located across the United State of America and in Merced, California.

4.    DOES 1-50 inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Hall. When their true names and capacities are ascertained, Hall will amend this complaint by inserting their true names and capacities herein. Hall is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Hall's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

2

5.    At all times material as alleged herein, each defendant was the agent, servant and/or employee of each of the remaining defendants, and acted within the purpose, scope and course of said agency, service and employment, with the express and/or implied knowledge, permission and consent of the remaining defendants, and each of them, and each of said defendants ratified and approved the acts of the other defendants.

6.    In or about August 04th of 2016, Dejani M. Hall, was walking to the In-Shape gym as she does regularly.  Defendant, JONATHAN STASKA-Engineer is the Driver of the Train which struck and killed the victim Dejani Monette Hall.  DENISE HOGG-Conductor and MICHAEL JOHN TORRENCE-Assistant Conductor of the train assisted in the killing of victim Dejani Monette Hall.  Neither of the three Defendants assisted to preserved the life of Ms. Hall by attempting to administer CPR of any kind and neither even stood by the victim Ms. Hall to comfort her-near her death in any fashion, and allowed her to die at the hands of their negligent actions to her death.

7.    AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)

8.    After providing all alleged training to it's employees failed and refused to train it's employees to render any type of first aid to a "victim(s)" Ms. Hall-struck by their employees via it's train in the City of Merced, state of California.

9.    Dejani M. Hall was injured then killed as a result of these inadequate and non-initiated First Aid, lack of training of AMTRAK employees, and lack of life sustaining devices installed to alert the hearing impaired, Victim Ms. Hall, near an approaching train.

10.    Defendants' conduct was malicious, fraudulent, and oppressive, and justifies the imposition of punitive damages for his/their gross negligence.

## II.

### First Cause of Action

### GROSS NEGLIGENCE

### (Against all defendants)

12.    COMES NOW, PLAINTIFFS, RANDY LEE. HALL WHO COMPLAINS AND

3

1    ALLEGES AGAINST DEFENDANTS AND EACH OF THEM, AS FOLLOWS:

2  13.  (For Negligence Against Defendants AMTRAK, NATIONAL RAILROAD

3    PASSENGER CORPORATION (AMTRAK), RICHARD H. ANDERSON President

4    and Chief Executive Officer, ELEANOR D. ACHESON-Executive Vice President

5    and General Counsel & Corporate Secretary, KENNETH HYLANDER-Executive

6    Vice President and Chief Safety Officer, JONATHAN STASKA-Engineer Driver,

7    DENISE HOGG-Conductor, MICHAEL JOHN TORRENCE-Assistant Conductor,

8    and DOES 1 to 50, inclusive the following cause of action against defendants:

9  14.  Plaintiff, RANDY LEE. HALL is, and at all times herein mentioned are, individuals

10    residing in the County of Contra Costa, State of California.

11    The true names and/or capacities, whether individual, corporate, associate or

12    otherwise of defendants 1 through 50, inclusive, are unknown to plaintiff at this time

13    who, therefore, sue said defendants by such fictitious names. Plaintiffs are informed

14    and believe and thereupon alleges that each of the defendants fictitiously named

15    herein as a Doe is legally responsible, negligently or in some other actionable manner,

16    for the events and happenings hereinafter referred to and that the acts and omissions of

17    said defendants was a legal cause of the injury to plaintiffs and the resulting injury and

18    damages to plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to

19    assert the true names and/or capacities of such fictitiously named defendants when the

20    same have been ascertained.

21  15.  Plaintiff are informed and believe and thereupon alleges that, at all times mentioned

22    herein, defendants were the agents, servants, employees, successors-in-interest and/or

23    joint venturers of their co-defendants and were, as such, acting within the purpose,

24    course, scope and authority of said agency, employment, successor-in-interest and/or

25    joint venture and that each and every defendant as aforesaid was acting as a principle

26    and was negligent in the selection and hiring and retention of each and every

27    defendant as an agent, employee, successor-in-interest and/or joint venturer.

28    At all times mentioned herein, defendant AMTRAK, NATIONAL RAILROAD

4

PASSENGER CORPORATION (AMTRAK) NORTHERN CALIFORNIA REGION dba (hereinafter "AMTRAK") were and now are private entities duly organized and existing under and by virtue of the laws of the State of California and authorized to do, and doing, business in the State of California with their principal place of business in Washington D.C.; said defendants were at all times herein mentioned, and now are, engaged in the business of a common carrier by railroad in the State of California.

16.     On or about August 04th, 2016, the plaintiff daughter, Dejani Monette Hall, was walking to the gyn on her normal route to In-Shape in Merced California and was struck from behind.  Ms. Hall is "**hearing impaired.**" and could not foresee being hit/pushed by a AMTRAK locomotive along side of the railroad tracks in the City Merced in the County of Merced, State of California.  Plaintiff are informed and believe and thereon allege that at all times mentioned herein, said train, locomotive, railroad operations, tracks and adjoining railroad tracks and the railroad right of way on which they were located (herein after "said property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled and supervised by AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive.

17.     On or about August 04th , 2016, and prior thereto, defendants AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive, were responsible for maintaining and ensuring the safe use and proper condition of said railroad operations and property, including railroad crossings, locomotives, trains, signs, signals, switches, safety devices, **communication devices and other equipment at and along said property, and for properly and safely managing, overseeing and coordinating the travel of railroad trains upon and along said property and for properly and safely managing, overseeing and coordinating the travel** and owed the highest degree of care to the victim Dejani Monette Hall, and her father Randy Lee. Hall plaintiff.

On or about August 04th, 2016, AMTRAK, NATIONAL RAILROAD PASSENGER

5

1  CORPORATION (AMTRAK), and Does 1 through 50, inclusive, negligently,
2  carelessly and wrongfully owned, controlled, operated, managed, constructed,
3  maintained, repaired, designed, evaluated, built, oversaw, patrolled and supervised its
4  railroad trains, said property and the approach Ms. Hall so as to cause the train on
5  which the plaintiffs daughter, Dejani Hall, was walking near the track, without any
6  communication from the train to hit her and striking her to her eventual death.
7  Thereafter leaving her along the side tract to die, while she was still alive and did
8  nothing, by attempting her to any comfort measures towards her demise, and thereby
9  cause injuries to the plaintiff.  Furthermore, AMTRAK, NATIONAL RAILROAD
10 PASSENGER CORPORATION (AMTRAK), Does 1 through 50, inclusive,
11 negligently, carelessly and wrongfully failed to take reasonable steps/precautions to
12 prevent minimal injury to its victim by administering CPR-comfort measures, and
13 preventing death of hearing impaired public individuals near their approaching train to
14 alarm them of harm and to guard them from injury and death.

15  18.  As a result of the conduct and negligence of defendants, and each of them, plaintiff
16      Dejani Monette Hall, sustained injuries, including but not limited to, Hairline fracture
17      of skull at vertex, Acute subarachnoid hemorrhage, lacerations and contusions of
18      forehead and scalp, fracture-subluxation of cervical spine at C1-C2, with fractures of
19      Cs, posterior fractures of multiple right ribs, superficial capsular lacerations of liver
20      and spleen, stretch-type lacerations of both renal arteries with retro-peritoneal
21      hemorrhage, separation of left acromial-clavicular joint, fractures of right tibia and
22      fibula, abrasions and contusion of posterior neck and extremities, lacerations of right
23      lower leg of this pedestrian.  By reason of said negligence. Plaintiffs will ask leave to
24      amend this Complaint to show the exact amounts incurred or will offer proof thereof
25      at the time of trial.

26  19.  As a result of said conduct and negligence of defendants, and each of them, plaintiff
27      Randy Lee. Hall, has been emotionally distressed since the killing of his only
28      Daughter, not able to work at his usual pace at within his occupation and has lost

6

COMPLAINT FOR DAMAGES

1   wages and earnings thereby; plaintiffs allege on information and belief that plaintiffs
2   will lose further wages and earnings in the future by reason of said negligence.
3   Plaintiffs do not know the total amount of wages or earnings lost or to be lost and will
4   ask leave to amend this Complaint to show the same when ascertained or will offer
5   proof thereof at the time of trial. AMTRAK, NATIONAL RAILROAD
6   PASSENGER CORPORATION (AMTRAK), Plaintiff did not need to submit a
7   government Claim for Damages due to the fact that "AMTRAK" is a Private
8   Company.

20. Hall refers to and incorporates by reference the allegations of paragraphs 1 though 19
     as though again fully set forth herein.

21. As a proximate result of Defendants' conduct, HALL has suffered damages to be
     proven at the time of trial and totaling in excess of $15,000,000.

22. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### III.

### Second Cause of Action

### Dangerous Condition of Public and Private Property

### (Against all defendants)

23. (For Dangerous Condition of Public and Private Property Against Defendants,
     AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),
     and Does 1 through 50, inclusive)

     Plaintiffs incorporate by reference as though fully set forth herein each and every fact,
     claim and allegation contained in the prior paragraphs.

24. On August 04th, 2016, and prior thereto, AMTRAK, NATIONAL RAILROAD
     PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive, are,
     and at all times relevant herein were, the entities who owned, controlled, operated,
     managed, designed, evaluated, constructed, maintained, built, oversaw, repaired,
     patrolled, and supervised said property and the approach to said property along the
     tracks in the City of Merced, California.

7

On August 04th 2016, Victim Ms. Dejani Monette Hall, was walking in a lawful and foreseeable manner as a pedestrian exercising due care on the public property when suddenly and without warning to her, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), struck her causing severe injuries to her death.

25. Plaintiff, RANDY LEE. HALL is, and at all times herein mentioned are, individuals residing in the County of Contra Costa, State of California.

The true names and/or capacities, whether individual, corporate, associate or otherwise of defendants 1 through 50, inclusive, are unknown to plaintiff at this time who, therefore, sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon alleges that each of the defendants fictitiously named herein as a Doe is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said defendants was a legal cause of the injury to plaintiffs and the resulting injury and damages to plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

26. Plaintiff are informed and believe and thereupon alleges that, at all times mentioned herein, defendants were the agents, servants, employees, successors-in-interest and/or joint venturers of their co-defendants and were, as such, acting within the purpose, course, scope and authority of said agency, employment, successor-in-interest and/or joint venture and that each and every defendant as aforesaid was acting as a principle and was negligent in the selection and hiring and retention of each and every defendant as an agent, employee, successor-in-interest and/or joint venturer.

At all times mentioned herein, defendant AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) NORTHERN CALIFORNIA REGION dba (hereinafter "AMTRAK") were and now are private entities duly organized and existing under and by virtue of the laws of the State of California and authorized to

8

do, and doing, business in the State of California with their principal place of business in Washington D.C.; said defendants were at all times herein mentioned, and now are, engaged in the business of a common carrier by railroad in the State of California.

27.   On or about August 04th, 2016, the plaintiff only daughter, Dejani Monette Hall, was walking to the gyn on her normal route to In-Shape in Merced California and was struck from behind. Ms. Hall is "hearing impaired." and could not foresee being hit/pushed by a AMTRAK locomotive along side of the railroad tracks in the City Merced in the County of Merced, State of California. Plaintiff are informed and believe and thereon allege that at all times mentioned herein, said train, locomotive, railroad operations, tracks and adjoining railroad tracks and the railroad right of way on which they were located (herein after "said property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled and supervised by AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive.

28.   On or about August 04th , 2016, and prior thereto, defendants AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive, were responsible for maintaining and ensuring the safe use and proper condition of said railroad operations and property, including railroad crossings, locomotives, trains, signs, signals, switches, safety devices, **communication devices and other equipment at and along said property, and for properly and safely managing, overseeing and coordinating the travel of railroad trains upon and along said property and for properly and safely managing, overseeing and coordinating the travel** and owed the highest degree of care to the victim Dejani Monette Hall, and her father Randy Lee. Hall plaintiff.

29.   On or about August 04th, 2016, AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), and Does 1 through 50, inclusive, negligently, carelessly and wrongfully owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, oversaw, patrolled and supervised its

**9**

---

1   railroad trains, said property and the approach Ms. Hall so as to cause the train on

2   which the plaintiffs daughter, Dejani Hall, was walking near the track, without any

3   communication from the train to hit her and striking her to her eventual death.

4   Thereafter leaving her along the side of the track to die while she was still alive and

5   did nothing by attempting her to any comfort towards her demise, and thereby cause

6   injuries to the plaintiff. Furthermore, AMTRAK, NATIONAL RAILROAD

7   PASSENGER CORPORATION (AMTRAK), Does 1 through 50, inclusive,

8   negligently, carelessly and wrongfully failed to take reasonable steps/precautions to

9   prevent minimal injury to its victim by administering CPR-comfort measures, and

10  preventing death of hearing impaired public individuals near their approaching train to

11  alarm them of harm and to guard them from injury and death. This company had no

12  such devices in-place to prevent (any) hearing impaired individual to be able to move

13  from an approaching train.

14  30.  As a result of the conduct and negligence of defendants, and each of them, plaintiffs

15      only daughter Dejani Monette Hall, sustained injuries, including but not limited to,

16      Hairline fracture of skull at vertex, Acute subarachnoid hemorrhage, lacerations and

17      contusions of forehead and scalp, fracture-subluxation of cervical spine at C1-C2,

18      with fractures of Cs, posterior fractures of multiple right ribs, superficial capsular

19      lacerations of liver and spleen, stretch-type lacerations of both renal arteries with

20      retro-peritoneal hemorrhage, separation of left acromial-clavicular joint, fractures of

21      right tibia and fibula, abrasions and contusion of posterior neck and extremities,

22      lacerations of right lower leg of this pedestrian. By reason of said negligence.

23      Plaintiffs will ask leave to amend this Complaint to show the exact amounts incurred

24      or will offer proof thereof at the time of trial.

25  31.  As a result of said conduct and negligence of defendants, and each of them, plaintiff

26      Randy Lee. Hall, has been emotionally distressed since the killing of his only

27      Daughter, not able to work at his usual pace at within his occupation and has lost

28      wages and earnings thereby; plaintiffs allege on information and belief that plaintiffs

**10**

COMPLAINT FOR DAMAGES

will lose further wages and earnings in the future by reason of said negligence. Plaintiffs do not know the total amount of wages or earnings lost or to be lost and will ask leave to amend this Complaint to show the same when ascertained or will offer proof thereof at the time of trial.  AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), Plaintiff did not need to submit a government Claim for Damages due to the fact that "AMTRAK" is a Private Company.

32.  Hall refers to and incorporates by reference the allegations of paragraphs 1 though 19 as though again fully set forth herein.

33.  As a proximate result of Defendants' conduct, HALL has suffered damages to be proven at the time of trial and totaling in excess of $15,000,000.00.

34.  WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**First Cause of Action**

**GROSS NEGLIGENCE**

**(As against all Defendants)**

35.  WHEREFORE, HALL prays:

**For HALL's First Cause of Action for - Gross Negligence:**

36.  For special damages;

37.  For general damages;

38.  For punitive damages;

39.  For attorney fees and costs of suit herein incurred; and

40.  For such other and further relief as this Court may deem proper.

**Second Cause of Action**

**Dangerous Condition of Public and Private Property**

**(As against all Defendants)**

41.  For special damages;

42.  For general damages;

43.  For punitive damages;

11

44.   For attorney fees and costs of suit herein incurred; and

45.   For such other and further relief as this Court may deem proper.


Dated: August 02, 2018

By: _____

RANDY LEE. HALL
Plaintiff in pro per

12

**COMPLAINT FOR DAMAGES**

# EXHIBIT B

1  VINCENT CASTILLO, State Bar No. 209298
   vcastillo@aghwlaw.com
2  ALEXEI N. OFFILL-KLEIN, State Bar No. 288448
   aklein@aghwlaw.com
3  ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
   180 Montgomery Street, Suite 1200
4  San Francisco, CA  94104
   Telephone:     (415) 697-2000
5  Facsimile:      (415) 813-2045

6  Attorneys for Defendants
   NATIONAL RAILROAD PASSENGER
7  CORPORATION dba AMTRAK, JONATHAN STASKA,
   DENISE HOGG, and MICHAEL JOHN TORRENCE

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF CONTRA COSTA

11

12  RANDY LEE HALL,                    Case No. MSC18-01545

13            Plaintiff,               [ASSIGNED TO HON. JILL FANNIN, DEPT. 21,
                                       FOR ALL PURPOSES]
14       v.
                                       **DEFENDANTS' NOTICE OF REMOVAL**
15  AMTRAK, NATIONAL RAILROAD
    PASSENGER CORPORATION
16  (AMTRAK), RICHARD H. ANDERSON      Action Filed:    August 2, 2018
    President and Chief Executive Officer,   Trial Date:     None Set
17  ELEANOR D. ACHESON-Executive Vice
    President and General Counsel &
18  Corporate Secretary, KENNETH
    HYLANDER-Executive Vice President
19  and Chief Safety Officer, JONATHAN
    STASKA-Engineer Driver, DENISE
20  HOGG-Conductor, MICHAEL JOHN
    TORRENCE-Assistant Conductor, and
21  DOES 1 to 50, inclusive,

22            Defendants.

23

24  / / /

25  / / /

26  / / /

27  / / /

28

                              1
                   DEFENDANTS' NOTICE OF REMOVAL

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

302539.1

TO THE COURT AND PLAINTIFF IN PRO PER:

NOTICE IS HEREBY GIVEN that Defendants NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK (erroneously sued as "AMTRAK, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)"), JONATHAN STASKA, DENISE HOGG, and MICHAEL JOHN TORRENCE have filed a Notice of Removal of the above-captioned action, *a copy of which is attached hereto as Exhibit 1*, with the United States District Court for the Northern District of California.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(b), the filing of said Notice in the United States District Court, together with the filing of said Notice with this court, effects the removal of this action, and the above-captioned Court may proceed no further unless and until the case has been remanded.

Dated: April 29, 2019

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:_____
VINCENT CASTILLO
ALEXEI N. OFFILL-KLEIN
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK, JONATHAN
STASKA, DENISE HOGG, and MICHAEL
JOHN TORRENCE

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

2

302539.1

1

PROOF OF SERVICE

*Randy Lee Hall v. Amtrak et al.*

2

Contra Costa Superior Court, Case No. MSC18-01545

3

4

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On April 29, 2019, I served the within:

5

6

DEFENDANTS' NOTICE OF REMOVAL

7

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

8

9

Randy Lee Hall                                       T: (510) 812-3139

1006 Regatta Point

10

Hercules, CA 94547

*Plaintiff Pro Per*

11

☒   **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to

12

the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for

13

collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal

14

Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

15

the date of deposit for mailing an affidavit.

16

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

17

☒   I declare under penalty of perjury under the laws of the State of California that the

18

foregoing is true and correct.

19

Executed on April 29, 2019, at San Francisco, California.

20

21

Adrian Castaneda

22

23

24

25

26

27

28

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

PROOF OF SERVICE
*Randy Lee Hall v. Amtrak et al.*
U.S. Northern District Case No.

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of San Francisco; my business address is: 180 Montgomery Street, Suite 1200, San Francisco, California 94104. On April 29, 2019, I served the within:

NOTICE OF REMOVAL BY DEFENDANTS

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Randy Lee Hall                          T: (510) 812-3139
1006 Regatta Point
Hercules, CA 94547
                                        *Plaintiff Pro Per*

☒    **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

☒    I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on April 29, 2019, at San Francisco, California.


                                        */s/ Adrian Castaneda*
                                        _____
                                        Adrian Castaneda

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

299176.1

Exhibit 3

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | *FOR COURT USE ONLY* |
|---|---|---|

RANDY LEE. HALL
1006 Regatta Pt.
Hercules, CA 94547

ATTORNEY FOR *(Name)*  Personal Representative in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

ESTATE OF *(Name)*:

Dejani M. Hall

DECEDENT

FILED

2019 SEP -3  A 11: 57

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: WEBER, DEPUTY CLERK

| ORDER FOR PROBATE | CASE NUMBER: |
|---|---|

**ORDER APPOINTING**
- [ ] Executor
- [ ] Administrator with Will Annexed
- [ ] Administrator   [✔] Special Administrator
- [ ] Order Authorizing Independent Administration of Estate
  - [ ] with full authority   [ ] with limited authority

CASE NUMBER:
P19-01290

## WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.

1. Date of hearing: 9-3-19   Time: EX PARTE   Dept./Room: 14   Judge: JOHN H SUGIYAMA

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on *(date)*: August 04, 2016
      (1) [✔] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [ ] intestate
      (2) [ ] testate
      and decedent's will dated:                    and each codicil dated:
      was admitted to probate by Minute Order on *(date)*:

**THE COURT ORDERS**

3. *(Name)*:  RANDY LEE. HALL
   is appointed **personal representative**:
   a. [ ] executor of the decedent's will
   b. [ ] administrator with will annexed
   c. [ ] administrator
   d. [✔] special administrator
      (1) [ ] with general powers
      (2) [ ] with special powers as specified in Attachment 3d(2)
      (3) [✔] without notice of hearing
      (4) [✔] letters will expire on *(date)*: 6-3-20

   and letters shall issue on qualification.

4. a. [ ] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [✔] Bond is not required.
   b. [ ] Bond is fixed at: $                    to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $                    are ordered to be placed in a blocked account at *(specify institution and location)*:
      and receipts shall be filed. No withdrawals shall be made without a court order.   [ ] Additional orders in Attachment 5c.
   d. [✔] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [ ] *(Name)*:                                        is appointed probate referee.

Date: 9/3/19

7. Number of pages attached: 0

JUDGE OF THE SUPERIOR COURT
[ ] SIGNATURE FOLLOWS LAST ATTACHMENT

JOHN H SUGIYAMA

| Form Approved by the Judicial Council of California DE-140 [Rev. January 1, 1998] Mandatory Form [1/1/2000] | **ORDER FOR PROBATE** | Probate Code, §§ 8006, 8400 |
|---|---|---|

Exhibit 4

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

RANDY LEE. HALL
1006 Regatta Pt.
Hercules, CA 94547

ATTORNEY FOR (Name): Personal Representative in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

ESTATE OF (Name):

Dejani M. Hall

DECEDENT

**FILED**

2019 SEP -3 A 11: 10

KATE DICKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY_____ WEBER, DEPUTY CLERK

| LETTERS | | CASE NUMBER: |
|---|---|---|
| ☐ TESTAMENTARY ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☐ OF ADMINISTRATION ✔ SPECIAL ADMINISTRATION | P19 - 01290 |

## LETTERS

1. ☐ The last will of the decedent named above having been proved, the court appoints (name):

   a. ☐ executor.
   b. ☐ administrator with will annexed.

2. ✔ The court appoints (name):
   RANDY LEE. HALL
   a. ☐ administrator of the decedent's estate.
   b. ✔ special administrator of decedent's estate
     (1) ☐ with the special powers specified
      in the Order for Probate.
     (2) ☐ with the powers of a general
      administrator.
     (3) ☒ letters will expire on (date): 06-03-20

3. ✔ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☑ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. ☒ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

## AFFIRMATION

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ✔ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY (name):

   **I solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer. (Name and title):

7-3-19

4. Executed on (date): _____ MARTINEZ
at (place): _____, California.

(SIGNATURE)

### CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

| (SEAL) | Date: SEP 0 3 2019 | (SEAL) | Date: SEP 0 3 2019 |
|---|---|---|---|
| | Clerk, by | | Clerk, by |
| | (DEPUTY) D. WEBER | | (DEPUTY) D. Weber |

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**LETTERS**
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6

Exhibit 5

JHN-20-2005  12:11                                                    P.02

A0622794

05 94986

FILED
in the office of the Secretary of State
of the State of California

JAN 21 2005

*Kevin Shelley*

KEVIN SHELLEY, Secretary of State

## AMENDED STATEMENT BY
## FOREIGN CORPORATION

BNSF Railway Company
_____
(Name of Corporation)

_____, a corporation organized

and existing under the laws of Delaware _____, and which is presently
                                    (State or Place of Incorporation)

qualified for the transaction of intrastate business in the State of California, makes the

following statement:

That the name of the corporation has been changed to that hereinabove set forth and

that the name relinquished at the time of such change was _____

The Burlington Northern and Santa Fe Railway Company
_____

_____


                                              BNSF Railway Company
                                    _____
                                            (Name of Corporation)

                                    _____
                                        (Signature of Corporate Officer)

                            Craig N. Smetko, Asst. Secretary
                            _____
                            (Typed Name and Title of Officer Signing)


CA050 - 1/24/03  C T Filing Manager Online

Secretary of State Form
ASDC (11-00)

JAN-21-2005  12:47                                                    P.02

# Delaware

PAGE  1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THAT THE SAID "THE BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY", FILED A RESTATED
CERTIFICATE, CHANGING ITS NAME TO "BNSF RAILWAY COMPANY", THE
TWENTIETH DAY OF JANUARY, A.D. 2005, AT 8:53 O'CLOCK A.M.



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

0561728  8320                    AUTHENTICATION: 3628903

050048119                        DATE: 01-20-05

                                              TOTAL P.02