Vincent Castillo, State Bar No. 209298
vcastillo@aghwlaw.com
Alexei N. Offill-Klein, State Bar No. 288448
aklein@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone:     (415) 697-2000
Facsimile:     (415) 813-2045

Attorneys for Defendants
NATIONAL RAILROAD PASSENGER CORPORATION
dba AMTRAK, JONATHAN STASKA, DENISE HOGG,
and MICHAEL JOHN TORRENCE, and BNSF RAILWAY
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RANDY LEE HALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"); JONATHAN STASKA, Engineer Driver; DENISE HOGG, Conductor; MICHAEL JOHN TORRENCE, Assistant Conductor, BNSF RAILWAY COMPANY; and DOES 1 through 50 inclusive,<br><br>　　　　　Defendants. | Case No. 3:19-cv-02312-WHA<br><br>**DEFENDANTS' OBJECTION TO VACCINATION REQUIREMENT**<br><br>Hon. William H. Alsup<br><br>Trial:     December 6, 2021 |

In response to the Court's order requiring the parties to file any objection to the Court's ground rules regarding vaccination and trial testimony [Doc. 179], defendants submit the following objection.

The Court has issued the following order regarding vaccination status [Doc. 179]:

> To reiterate, any witness or party who is unvaccinated will not be allowed in the courtroom. Any witness who is not vaccinated may appear live by video from a remote location or counsel may designate passages from the witness deposition to be offered at trial. The burden is on the side offering the witness to work out the details of presenting a witness live by video. This can be done by contacting Tana Ingle at tana_ingle@cand.uscourts.gov. The Court does not guarantee that video will be available. [¶] All jurors will have to be fully vaccinated. [¶] **Any objection to the ground rules must be filed no later than November 30, 2021 at 2:00 PM.**

Preliminarily, defendants understand and appreciate the Court's jury vaccination requirement from a public health perspective. However, for the reasons below, defendants respectfully object to the Court's requirement (i) that jurors be vaccinated and (ii) that defense liability witness Brian Heikkila must testify remotely by video, with the Court's caveat that the Court cannot guarantee that the internet connection will allow for video testimony.

In order to create a written record, defendants object to the Court's order excluding from the pool of prospective jurors all individuals not vaccinated against COVID-19. The Seventh Amendment's guarantee of the right of trial by jury includes the basic principle of impartiality of jury selection in both civil and criminal cases. *See Thiel v. Southern Pac. Co.*, 328 U.S. 217, 220 ("The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community.") Requiring the jurors to be vaccinated will prejudice defendants' right to a fair trial by depriving defendants of a jury composed of a representative cross-section of the community.

Second, defendants object to the Court's order requiring defendant's liability witness, Brian Heikkila, to testify remotely due to his vaccination status. Even if video testimony is available, requiring defendants' sole expert and critical witness on the issue of train handling -- which is the sole remaining liability issue -- to testify remotely, while plaintiff's expert will be

1  permitted to testify live in open court due solely to his vaccination status, prejudices defendants.

2  Rule 43(a) of the Federal Rules of Civil Procedure generally requires that witness testimony at trial occur live in open court, absent "good cause in compelling circumstances and with appropriate safeguards." But there is no dispute that "virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." *U.S. v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001). "Video conferencing . . . is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing. *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005). Further, the jury will undoubtedly speculate as to why Mr. Heikkila is not testifying in-person. For these reasons, requiring Mr. Heikkila to testify remotely, even if by video, prejudices defendants, particularly because defendants expect to offer the testimony of only two witnesses (Mr. Staska and Mr. Heikkila) and because plaintiff's liability expert, Mr. Rubenstein, will be permitted to testify in-person. Given the Court's order that Brian Heikkila must testify remotely, defendants request an instruction advising the jury that remote testimony shall be treated equally as in-person testimony.

Again, defendants recognize the purpose of the Court's order from a public health perspective but must object to create a record.

Dated: November 29, 2021

Respectfully submitted,

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: */s/ Vincent Castillo*
Vincent Castillo
Alexei N. Offill-Klein
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION dba AMTRAK,
JONATHAN STASKA, DENISE HOGG, and
MICHAEL JOHN TORRENCE, and BNSF
RAILWAY COMPANY